## ROBINSON–DAVIS LUMBER CO. v. CROOKS, Collector of Revenue.

### No. 490.

District Court, W. D. Missouri, S. W. D.
Jan. 7, 1931.

Milo Lang and George B. Lang, both of Joplin, Mo., for plaintiff.

Sam Carmean, Asst. U. S. Atty., of Kansas City, Mo., for defendant.

OTIS, District Judge.

This suit is brought to recover from the defendant the sum of $248.94, with interest, on account of an alleged overpayment of income tax for the years 1923 and 1924. The facts (they have been agreed upon) are these:

Plaintiff is a corporation engaged in the lumber business at Neosho, Mo. In its income tax return for the year 1924 it claimed as a deduction, among other deductions, a certain amount on account of bad debts alleged to have been ascertained, determined, and charged off during that year. Of the amount so claimed, it was subsequently determined by a representative of the Bureau of Internal Revenue that $1,991.53, although undoubtedly bad debts, should have been determined to be such and should have been charged off as such, if there was to be any allowance on account of them, in 1923 rather than in 1924. The plaintiff then filed an amended return for the year 1923 claiming a deduction on account of bad debts in that amount and asking a refund as for that year in the sum of $248.94. This was denied on the ground that, as the bad debts in question had not been ascertained and charged off during the year 1923, an allowance on account of them could not be made.

The pertinent statute (Revenue Act 1921, § 214 (a) (7), 42 Stat. 240), provides that: "In computing net incomes there shall be allowed as deductions: * * * debts ascertained to be worthless and charged off within the taxable year."

It seems clear to me that under this statutory provision the plaintiff cannot be given a refund on account of debts which were not ascertained to be worthless and not charged off during the taxable year 1923. There must be strict compliance with this statute if relief is to be had under it. That strict compliance requires two things, the determination of the worthlessness of a debt, and the charging of that debt off on the books of the taxpayer. Neither of these two things was done by this taxpayer in the year 1923.

Certainly, where the taxpayer, as in this case, in its return for 1924 included bad debts as being ascertained and charged off within that year, the taxing authorities in the first instance may determine that these debts should have been ascertained and charged off in an earlier year. That decision may be erroneous. If it is erroneous, it may be reviewed and corrected. But there is nothing in this record which supports the conclusion that in this instance that determination was erroneous. Because by proper proceedings the plaintiff might have had some relief from this decision as to its 1924 taxes, it does not follow that a clearly justifiable decision as to its 1923 taxes should be overturned.

Defendant's counsel may prepare and submit for approval and entry an appropriate decree.